Stephen P. Sokoloff Dunklin County Prosecuting Attorney P. O. Box 864 Kennett, Missouri 63857
Dear Mr. Sokoloff:
This opinion is in response to your questions asking:
 1. May a Sheriff of a third class county taking office by virtue of appointment to complete the term of office vacated by death of previous officeholder continue the employment of his son, who was appointment as deputy of the previous Sheriff?
 2. May the new Sheriff, at the commencement of his own term, following the completion of the appointive term, continue the employment of his son as deputy?
You provide the following facts as being relevant to your questions:
 On October 31, 1996, Dunklin County Sheriff Jim Elliott, died while in office, leaving said office vacant. His term of office expires December 31, 1996. At the time of his death, Sheriff Elliott was the only candidate for election of the new term commencing January 1, 1997. As his death occurred prior to 9:00 a.m. on the Friday immediately preceding the election, each major party placed a name on the general election ballot for the position of Sheriff. Bob Holder was elected at the general election for the term commencing January 1, 1997. Upon Mr. Holder's election, the Dunklin County Commission appointed Mr. Holder to fill the vacancy left by Sheriff Elliott to serve in that capacity until the completion of that term on December 31, 1996.
 Ryan Holder, Bob Holder's son, was employed by Sheriff Elliott as a Deputy Sheriff and Jailer. That employment commenced July 1, 1994, and Deputy Holder has continued in that position . . . .
Article VII, Section 6 of the Missouri Constitution provides:
 Section 6. Penalty for nepotism. Any public officer or employee in this state who by virtue of his office or employment names or appoints to public office or employment any relative within the fourth degree, by consanguinity or affinity, shall thereby forfeit his office or employment.
In prior opinions, this office has concluded that a county official who retains as an employee a relative within the fourth degree, by consanguinity or affinity, which relative was employed by the prior officeholder, does not violate Article VII, Section6 of the Missouri Constitution. In Opinion No. 73-89, a copy of which is enclosed, this office concluded that a county assessor who retains as an employee a relative within the prohibited degree, which relative was employed by the prior county assessor, does not violate the nepotism provision of the Missouri Constitution. In Opinion Letter No. 254, Hazel, 1975, a copy of which is enclosed, this office concluded that a member of the board of trustees of a third class county hospital was not guilty of nepotism if at the time of his election and during part or all of his term there was employed by the county hospital a relative within the prohibited degree who was employed prior to the time that the board member was elected to office.
The conclusions in the opinions discussed above are based on the language of Article VII, Section 6 that a violation occurs when the official "names or appoints to public office or employment." Where the employee-relative is already holding "public office or employment," the newly-elected or appointed officeholder is not naming or appointing the relative to public office or employment. See State v. Fletchall, 412 S.W.2d 423 (Mo. banc 1967).
In the situation about which you are concerned, the current sheriff's son was already employed as a deputy sheriff at the time the current sheriff took office. The current sheriff did notname or appoint his son as deputy sheriff. Therefore, consistent with the prior opinions of this office, the current sheriff retaining as a deputy his son who had been appointed by the previous sheriff does not violate the nepotism provision of the Missouri Constitution.
Your second question indicates concern that the conclusion above may only be applicable through the term to which the current sheriff was appointed. Your second question asks if the current sheriff may retain his son as a deputy in subsequent terms to which the current sheriff may be elected. Where the son was appointed as a deputy prior to the current sheriff taking office, the expiration of one term of office and the commencement of a new term does not have any impact on our conclusion.[1]
The initial employment of the son as a deputy was by the previous sheriff and not the current sheriff. Therefore, we conclude that the current sheriff may retain as a deputy his son during any subsequent terms to which the current sheriff is elected.
As we stated in our prior opinions, pay increases or increases in other benefits incidental to the original employment do not result in the current sheriff violating the nepotism provision. However, if the current sheriff were to appoint his son to a distinctly different position, the nepotism provision of the Missouri Constitution would be violated.
CONCLUSION
It is the opinion of this office that a sheriff of a third class county appointed to complete the term of office of the previous sheriff who died does not violate Article VII, Section 6
of the Missouri Constitution, the nepotism provision, if he retains as a deputy sheriff his son who had been appointed as a deputy by the previous sheriff.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] We need not address whether Section 57.250, RSMo Supp. 1996, or Section 57.251, RSMo 1994, applies to the appointment of deputy sheriffs in third class counties, because our conclusion is the same regardless of which section is applicable.